UNITED STATES of America

v.

William WALKER,

United States of America

v.

David Schenck.

Nos. 06–3456, 06–3503.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Nov. 1, 2007.

Filed Nov. 8, 2007.

Robert L. Eberhardt, Laura S. Irwin, Office of United States Attorney, for Appellee.

Derwin Rushing, Pittsburgh, PA, for Appellant.

Before: RENDELL, WEIS and NYGAARD, Circuit Judges.

### OPINION

WEIS, Circuit Judge.

Defendants Walker and Schenck were convicted of bank robbery in violation of 18 U.S.C. § 2113(a). Their appeals have been consolidated. Schenck was sentenced to 70 months incarceration and Walker to 57 months.

On September 2, 2005, Schenck entered a bank and handed the teller a plastic bag along with a note stating, "Put all money in the bag nobody will get hurt or you die."

After the teller handed him some money, Schenck left the bank and handed the money to Walker, who had been waiting outside. The two then split up in an effort to foil any pursuit.

In calculating the applicable Guidelines range for both defendants, the District Court added a two point enhancement under U.S.S.G. § 2B3.1(b)(2)(F) for a threat of death. Defendants appeal only the threat of death enhancement. They argue that a reasonable person would not be put in fear of death by the demand note because Schenck was "visibly intoxicated and noticeably homeless" and that their argument is supported by the teller's testimony that she did not really believe that Schenck's demand was real. We conclude that the District Court did not err in its ruling.

We have held that the test for application of the threat of death enhancement is the effect on a reasonable person. *See United States v. Thomas,* 327 F.3d 253, 255 (3d Cir.2003). The teller's response is irrelevant because this is an objective, rather than a subjective, standard. Under the facts here, the District Court did not err in concluding that a reasonable person in the teller's position would believe her life was threatened. The argument that Schenck was visibly intoxicated and harmless was just that—mere argument. No evidence to this effect was produced.

Accordingly, the judgment of the District Court will be affirmed.